UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDNA GARCIA PORTILLO, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>US CITIZENSHIP AND<br>IMMIGRATION SERVICES, and<br>TRACY RENAUD,<br><br>               Defendants. | CASE NO. C21-5312BHS<br><br>ORDER GRANTING<br>APPLICATION FOR LEAVE TO<br>PROCEED IN FORMA PAUPERIS |

THIS MATTER is before the Court on Motions for Leave to Proceed *in forma pauperis* filed by Plaintiffs Edna Garcia Portillo, Dkt. 1, Jorge Soria Garcia, Dkt. 4, Jose Soria Garcia, Dkt. 5, and Jose Soria Valencia, Dkt. 6, all supported by the proposed Complaint, Dkt. 1-2. All Plaintiffs[1] are represented by counsel, Elaine Fordyce.

---

[1] The Plaintiffs' initial filing, Dkt. 1, included a joint application to proceed *in forma pauperis* on behalf of a slightly different and larger set of plaintiffs. The Clerk sent a Notice of Filing Deficiency explaining that each plaintiff had to file a separate IFP application. Dkt. 2. In response, three of the plaintiffs filed separate Motions for Leave to Proceed IFP, Dkts. 4, 5, & 6. The Court will treat the initial application, Dkt. 1, as an application on behalf of Edna Garcia Portillo. If the other initial proposed plaintiffs also seek IFP status, they must also file separate IFP applications.

ORDER - 1

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g.*, *Ilagan v. McDonald*, No. 2:16-cv-01209-APG-VCF, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, No. 2:15-cv-00142-APG-PAL, 2015 WL 3821514, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D.N.Y.), *aff'd*, 865 F.2d 22 (2d Cir. 1988).

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations

omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1369 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

The plaintiffs have established their indigency, and their complaint appears to be facially plausible.

The Motions for Leave to Proceed *in forma pauperis*, Dkts. 1, 4, 5, and 6, are therefore **GRANTED**, and the complaint may be filed and served on behalf of these four plaintiffs.

**IT IS SO ORDERED**.

Dated this 2nd day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge